IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03063-MJW

JAVARRAY JANUARY,

Plaintiff,

v.

MICHAEL ROBINSON,
ANDREW HOLDEN, and
AMANDA MULLEN,

Defendants.

# REPORT AND RECOMMENDATION TO DISMISS CASE

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference to Magistrate Judge issued by Judge Raymond P. Moore on March 16, 2018. (Docket No. 33.) On January 29, 2018, this Court entered an Order Setting Status Conference for Pro Se Plaintiff, setting a Status Conference for March 15, 2018 at 9:00 a.m. (Docket No. 20.) When Plaintiff failed to appear for the March 15, 2018 Status Conference, the Court entered an Order to Show Cause, setting a Show Cause Hearing for April 3, 2018 at 1:30 p.m. (Docket No. 31.) Plaintiff failed to appear at the Show Cause Hearing on April 3, 2018, and the Court entered a Second Order to Show Cause, which set a second Show Cause Hearing for April 25, 2018 at 10:00 a.m. (Docket No. 36) In that Order, the Court stated, "**Plaintiff is hereby expressly warned that a failure to comply will result in dismissal of this case without prejudice**." (*Id*. at 3) (emphasis in original). Both Orders to Show Cause (Docket Nos. 31 & 36) were mailed to Plaintiff at 1065

Maxwell Street, Colorado Springs, CO 80906, and neither were returned to the Court by the U.S. Postal Service. Moreover, after Plaintiff failed to appear at the first Show Cause Hearing on April 3, 2018, court staff called Plaintiff at the number he provided (719-882-8249) and left him a voice mail informing him that the hearing had been continued to April 25, 2018. However, on April 25, 2018, Plaintiff failed to appear in court for a hearing for the third time.

As Plaintiff was informed on two separate occasions, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;

>    (vi) rendering a default judgment against the disobedient party; or
>
>    (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f) for Plaintiff Javarray Charles Tellous January's repeated failure to appear, failure to prosecute, and failure to follow court orders.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the *District Judge, Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d**

**1411, 1412-13 (10th Cir. 1996).**

Dated: April 25, 2018
      Denver, Colorado

*s/ Michael J. Watanabe*
Michael J. Watanabe
United States Magistrate Judge